State vs. Wittington.

## No. 8322.

### THE STATE OF LOUISIANA VS. JOHN WITTINGTON.

It affords no ground of challenge to the array, that the names of deceased and incompetent persons were placed in the box, or drawn therefrom. The accused can only take advantage of it by a challenge to the poll. The incompetency of one of the Grand Jurors cannot be urged by the accused after he has pleaded to the indictment and been convicted, in the absence of averment and proof that he, (the accused), only knew of the incompetency after trial and conviction.

APPEAL from the Twenty-second Judicial District Court, parish of St. James. *Cheevers, J.*

*F. B. Earhart,* District Attorney, for the State, Appellee.

*J. L. Gaudet* for Defendant and Appellant:

The names of incompetent persons, especially those charged with crime punishable in the Penitentiary, should not remain in the box from which the jury is drawn. 20 A. 356, *ib* 442, Act No. 44, Regular Session of 1877; Act No. 54, 1880.

A person charged with larceny cannot act as a grand juror, and a subsequent trial and acquittal of such person will not establish his status. 21 A. 251 ; 30 A. 884.

The opinion of the Court was delivered by

TODD, J. The defendant was indicted for the crime of rape, and convicted of an assault with intent to commit a rape ; was sentenced to six months imprisonment at hard labor in the Penitentiary, and has appealed from this sentence.

He relies on two errors suggested in the proceedings below for relief : The first is the overruling by the judge *a quo* of his challenge to the array ; and second, the denial of his motion in arrest of judgment.

The challenge to the array was based upon the allegation that the jury commissioners had drawn the several names of persons then deceased, and also the name of a party then under a charge of arson ; it was also urged that there were certain irregularities touching the custody of the venire list and box, and want of completeness in the process verbal of the commissioners, which last seems to be abandoned in the argument.

It affords no ground of challenge to the array that the names of deceased and incompetent persons are placed in the box or drawn therefrom. This fact could not vitiate the entire drawing. It could only be taken advantage of by a challenge to the poll, as relates the incompetent jurors. This has been repeatedly ruled, and is the accepted doctrine, and accords with the express language of the statute. Sec. 10, Act 44 of 1877; 31 An. 94; 26 An. 581.

In regard to the motion in arrest of judgment, it contains no other ground than an averment, that one of the grand jurors who found the

bill, under which the accused was convicted, was incompetent to serve, for the reason that there was a charge of larceny pending against him at the time of his selection. This was more properly a ground for a new trial, since it did not involve an irregularity patent on the face of the record. Though waiving this, it is the settled doctrine that such irregularity cannot be urged after the accused has formally pleaded to the indictment and been tried under it, in the absence of any averment or proof that the fact relied on was not ascertained until after these proceedings.

On this point we quote the following from Bishop : " Thus after a party has pleaded to an indictment and been convicted, it is too late to object to the constitution of the grand jury, or to the disqualification of any particular member, more especially if it was known before." 14 An. 827 ; 28 Miss., 687 ; 2 Barb, 427 ; 2 Parker, C. C. 235 ; 7 Eng. 630.

The case of State vs. Parks, 21 A. 251, cited in opposition to this view, is not in point, as in that case it distinctly appeared that the incompetency of the grand juror was only discovered after the trial, and the irregularity was taken " advantage of by a motion for a new trial," and not by motion in arrest. In the present case there is no averment or pretense that the fact of incompetency was not known to the accused before arraignment and trial.

Judgment appealed from affirmed.